IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| R. WAYNE KLEIN, the Court-Appointed Receiver of U.S. Ventures LC, Winsome Investment Trust, and the assets of Robert J. Andres and Robert L. Holloway,<br><br>    Plaintiff,<br><br>vs.<br><br>NANCY I. HOWE dba HOWE FINANCIAL TECH, and LEO RENAUD<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br><br>Case No. 2:11-CV-1160 TS |

This matter is before the Court on Plaintiff's Motion for Default Judgment. Plaintiff seeks default judgment against Defendants Nancy I. Howe and Leo Renaud. Plaintiff also seeks $1,420.50 in fees and costs associated with the Court's previous order on Plaintiff's motion to compel. For the reasons discussed below, the Court will grant Plaintiff's Motion.

## I. BACKGROUND

Plaintiff filed his Complaint on December 14, 2011, and Defendants filed their answer on February 17, 2012. On October 22, 2012, the Court allowed Defendants' counsel to withdraw from this matter. In its Order, the Court informed Defendants that they had twenty-one days to obtain new counsel or file a notice of appearance with the Court.[1]

On December 12, 2012, the Court granted Plaintiff's motion to compel discovery, ordering Defendants to produce discovery and answer interrogatories within 14 days of the Order. The Court further ordered that Defendants pay Plaintiff's fees and expenses incurred in connection with its motion to compel.[2] On the same date, the Court issued an order to show cause, ordering Defendants to show cause within fourteen days why they have failed to file a notice of appearance. The Court warned Defendants that failure to respond to the Order may result in default judgment being entered against them.[3] Plaintiff has since submitted an affidavit supporting fees and expenses incurred on its motion to compel in the amount of $1,420.50.[4]

To date, Defendants have not obtained substitute counsel, filed a notice of appearance, responded to the Court's order to compel, or responded to the Court's order to show cause. On February 25, 2013, Plaintiffs filed the instant Motion for Default Judgment.

---

[1] Docket No. 25, at 2.

[2] Docket No. 28, at 2.

[3] Docket No. 29, at 1.

[4] Docket No. 30, at 2-3.

II.  DISCUSSION

Pursuant to Local Rule DUCivR 83-1.4(c)(5) "[a]n unrepresented party who fails to appear within twenty-one (21) days after entry of the order" allowing withdrawal of counsel "may be subject to sanction pursuant to Federal Rule of Civil Procedure 16(f)(1), including but not limited to dismissal or default judgment."

Plaintiff moves for default judgment as a result of Defendants' failure to comply with the Court's order.  Fed. R. Civ. P. 16(f)(1)(c) provides that a court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a . . . pretrial order."  Rule 37(b)(2)(A) provides for certain sanctions, including:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

"A district court . . . has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.  Such sanctions may include dismissing the party's case with prejudice or entering judgment against the party."[5]  "[D]ismissal or other final disposition of a party's claim 'is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice.'"[6]  In

---

[5] *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (citing *Hancock v. City of Okla. City*, 857 F.2d 1394, 1396 (10th Cir. 1988)).

[6] *Id*. (quoting *Hancock*, 857 F.2d at 1396).

applying such a sanction, the district court must consider the following factors:

> (1) the degree of actual prejudice to the opposing party, (2) the degree of interference with the judicial process, (3) the litigant's culpability, (4) whether the litigant was warned in advance that dismissal was a likely sanction, and (5) whether a lesser sanction would be effective.[7]

Considering these factors, the Court finds that default judgment is appropriate. First, the Court finds Plaintiff has been prejudiced by Defendants' failure to appear and participate in this action or comply with the Court's discovery orders. Without Defendants' appearance and participation, Plaintiff has been unable to proceed with this litigation. Second, for essentially the same reasons, the Court finds that Defendants' actions have interfered with the judicial process. Third, the Court finds that Defendants are highly culpable. Defendants were informed of what was required of them and the possible consequences, but have taken no action. Fourth, as set forth above, the Court warned that sanctions, including default judgment, may be entered if Defendants failed to appoint counsel or otherwise appear. Finally, the Court finds that lesser sanctions would not be adequate as Defendants have failed to participate in this action and there is no indication that they intend to do so.

### III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Default Judgment (Docket No. 31) is GRANTED. The Clerk of the Court is directed to enter judgment against Defendants Nancy I. Howe dba Howe Financial Tech, and Leo Renaud in the principal amount of $2,279,187.71, plus post-

---

[7] *LaFleur v. Teen Help*, 342 F.3d 1145, 1151 (10th Cir. 2003) (internal quotation marks and citations omitted).

judgment interest.  Defendants are further ordered to pay Plaintiff $1,420.50 in fees and costs associated with Plaintiff's motion to compel.  The Clerk of the Court is directed to close this case forthwith.

DATED   March 25, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge